IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02214–CMA–KMT

VANESSA CUEVAS,

     Plaintiff,

v.

BRYON KOLATH, CAPT., D.W.C.F., and
JEFF KLEINHOLTZ, MAJ., D.W.C.F., in their individual and official capacities,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 17 [Mot.], filed December 22, 2010). Plaintiff filed her Response on January 7, 2011. (Doc. No. 20 [Resp.].) Defendants did not file a reply. This matter is ripe for recommendation and ruling.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Plaintiff alleges on May 19, 2010, she received notice of a hearing for restricted privileges scheduled for May 26, 2010 at 2:00 p.m. in the Programs Building. (Compl. at 4.) At 1:15 p.m. on May 26, 2010, Plaintiff was taken to the medical unit for a previously-scheduled mammogram appointment. (*Id.*) Plaintiff states from approximately 1:50 p.m. until approximately 2:45 p.m. on May 26, 2010, the yard and facility operations, as well as offender movement, was ceased because of a tornado warning. (*Id.*) Due to Plaintiff's

placement in restricted housing, where any offender must be escorted by correctional staff to

from the medical unit to her housing unit, and due to restriction on offender movement because

of the tornado warning, Plaintiff was unable to be escorted back to her housing until 2:50 p.m.

(*Id.*)  Upon her return to her housing unit, she was notified that her hearing had already been held

in her absence, and that she had been placed on restricted privileges for ninety days.  (*Id.*)

Plaintiff asserts claims for due process and equal protection violations for Defendants'

failure to allow her to attend her hearing.  Plaintiff seeks injunctive relief and compensatory

damages.

Defendants move to dismiss Plaintiff's Complaint on the grounds that (1) Defendants are

immune from damages in their official capacities; (2) Plaintiff's due process claim fails to state a

claim upon which relief can be granted; (3) Plaintiff's equal protection claim fails to state a

claim upon which relief can be granted; (4) Plaintiff's claim for damages is limited by the Prison

Litigation Reform Act's (PLRA) physical injury requirement; and (5) Defendants are entitled to

qualified immunity.  (*See* Mot.)

## LEGAL STANDARDS

*1.*     **Pro Se *Plaintiff***

Because Plaintiff appears *pro se*, the court "review[s] [her] pleadings and other papers

liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

2

"conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2.    *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see*

*also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### 3.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v.*

4

*Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal,*129 S. Ct. at 1949

(citation omitted).

## ANALYSIS

*1.      Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution states: "The Judicial power

of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State." U.S. Const. amend. XI.  It has been interpreted to bar a suit by a

citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552

(10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits

against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state

official in his or her official capacity is a suit against the official's office and therefore is no

different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities,

from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).

Moreover, a § 1983 action may only be brought against a person.  *See* 42 U.S.C. § 1983.  Neither

states nor state officers sued in their official capacity for monetary damages are persons within

the meaning of § 1983.  *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against the defendants in their official capacities

constitute claims against the Colorado Department of Corrections.  *See Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity

6

is not a suit against the official but rather is a suit against the official's office").  Therefore,

Plaintiff's official-capacity claims for monetary relief against the defendants are barred by the

Eleventh Amendment and are properly dismissed.

### 2.    *Due Process Claim*

Defendants argue that Plaintiff has failed to state a Fourteenth Amendment due process

claim.  The Fourteenth Amendment provides that no state shall "deprive any person of life,

liberty, or property, without due process of law . . . ."  U.S. Const. amend. XIV, § 1.  To maintain

a procedural due process claim, a plaintiff must prove that 1) the State deprived him of a

constitutionally cognizable liberty or property interest and 2) the procedures attendant to that

deprivation were not constitutionally sufficient.  *Kentucky Dept. of Corrs. v. Thompson*, 490 U.S.

454, 460 (1989).

Plaintiff asserts that she was placed on restricted privilege status without being able to

attend a hearing.  Ordinarily, however, changing an inmate's status or classification "does not

deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."

*Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *see also Meachum v. Fano*, 427 U.S.

215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Moreover, placement on restricted privileges

does not implicate due process concerns.  *See Wojtkiewicz v. Zavaras*, 89 F.3d 852, at *1 (10th

Cir. 1996).  It is well-established that neither the Constitution nor Colorado prison rules and

regulations create a liberty interest in prisoners' classifications.  *See Moody v. Daggett*, 429 U.S.

78, 88 n.9 (1976) (concerning the Constitution); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th

Cir. 1994) (concerning Colorado provisions); *Smith v. Romer*, 107 F.3d 21 (10th Cir. 1997)

(noting that a prisoner's assignment to administrative segregation did not provide him with a procedural due process claim); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Due Process Clause does not protect a prisoner against transfer to a more restrictive prison).

Though conditions of confinement that " 'impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' *may* create a liberty interest protected by the Due Process Clause," *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)) (emphasis in original)), Plaintiff's Complaint is devoid of any factual allegations to suggest that she suffered an atypical and significant deprivation.

Accordingly, Plaintiff's due process claim should be dismissed for failure to state a claim.  Additionally, as Plaintiff's allegations against Defendant Kleinholtz are contained solely within Plaintiff's due process claim, Defendant Kleinholtz should be dismissed as a defendant.

**3.** **_Equal Protection Claim_**

Defendants argue that Plaintiff has failed to state an equal protection claim.  The Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall . . . deny any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The Tenth Circuit has stated that "an equal protection violation occurs when the government treats someone differently than another who is similarly situated."  *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  " 'Unless it provokes strict judicial scrutiny, a state practice that

distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose.' " *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996) (quoting *Vasquez v. Cooper*, 862 F.2d 250, 251–52 (10th Cir.1988)).   "Strict judicial scrutiny is appropriate only when the classification involves a suspect class or interferes with a fundamental right." *Riddle*, 83 F.3d at 1207 (quoting *Vasquez*, 862 F.2d at 252.

The court notes that Plaintiff is housed at the Denver Women's Correctional Facility, presumably an all-female facility.  (*See* Compl. at 2.)   Though Plaintiff, as a woman, is a member of a suspect class, her gender is not the basis of her equal protection claim.  Instead, Plaintiff asserts that Defendant Kolath decided to hold hearings for inmates who were already in the Programs Building and waiting for their hearings at the time the facility operations ceased due to the tornado watch.  (*Id.* at 8.)  Additionally, hearings were rescheduled for some other inmates who were unable to attend due to the tornado watch.  On the other hand, Plaintiff's hearing was not rescheduled and was held without her attendance.  (*Id.*)  Plaintiff asserts she is similarly situated to those offenders who were unable to attend and whose hearings were rescheduled.  (*Id.* at 9.)  Thus, Plaintiff does not allege she was treated differently from other inmates because of her membership in a suspect class.  Likewise, Plaintiff has not alleged that she has been deprived of a fundamental right.

Nevertheless, the Supreme Court has recognized a "class of one" equal protection claim "where the plaintiff alleges she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (citations omitted).  To show a constitutional violation under the "class of one" theory, Plaintiff must establish two elements: (i) that the defendant acted with discriminatory intent; and (ii) that the defendant treated the plaintiff differently from others who were similarly situated without a rational basis for doing so.  *See Bartell v. Aurora Public Schools*, 263 F.3d 1143, 1149 (10th Cir. 2001).  To establish discriminatory intent, Plaintiff must show that the defendant's action "was a spiteful effort to get [him] for reasons wholly unrelated to any legitimate state objective."  *Bartell*, 263 F.3d at 1149.

Plaintiff alleges Defendant Kolath knew she was housed in a restrictive housing unit where offenders must be escorted to all scheduled appointments.  (Compl. at 8.)  Plaintiff alleges Defendant Kolath "held Plaintiff's hearing without the Plaintiff presen[ce] intentionally, knowingly, intelligently, voluntarily, and maliciously."  (*Id.*)  Plaintiff also states that she was denied a request to reschedule the hearing.  (*Id.* at 9.)

The court finds Plaintiff's allegations are sufficient to state a claim for relief under the "class of one" equal protection analysis.

**4.      *Claims for Emotional and Mental Distress Under the PLRA***

In her Complaint, Plaintiff alleges she suffered mental anguish and emotional injury as a result of the defendants' alleged acts.  (*See* Compl. at 11.)  Defendants assert Plaintiff's § 1983 claims for monetary damages for mental distress asserted are barred by the PLRA, 42 U.S.C. § 1997e(e).  The PLRA provides, in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e)

(2008).

Section 1997e(e) applies regardless of the nature of the underlying substantive violation

asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying section 1997e(e)

to the plaintiff's First Amendment claim for free exercise of religion). Although section

1997e(e) bars recovery of mental or emotional injury damages absent an allegation of physical

injury, it does not bar recovery of punitive damages, injunctive relief, declaratory relief, or

nominal damages. *Id.* at 881; *Perkins v. Kansas Dept. of Corrs.*, 165 F.3d 803, 808 (10th Cir.

1999).

The court need not address whether Plaintiff has alleged physical injury in her Claim

One, as it has already found Plaintiff has failed to state a claim for a due process violation.

However, as defendants correctly assert, the plaintiff has failed to allege any physical injury in

connection with her remaining equal protection claim, and thus any claim for compensatory

damages for mental or emotional injuries fails as a matter of law pursuant to the PLRA.

*5.    Qualified Immunity*

Defendants argue that, to the extent Plaintiff is suing the defendants in their individual

capacities under § 1983, the defendants are entitled to qualified immunity. Whether the

defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d

810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a
> two-pronged inquiry. First, a court must decide whether the facts that a plaintiff
> has alleged or shown make out a violation of a constitutional right. Second, . . .

11

the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*  "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry.  *Id.*

This court determined *supra* that Plaintiff has failed to state a claim upon which relief can be granted as to her due process claim, and, therefore, the defendants are entitled to qualified immunity on that claim.  However, this court also has determined that Plaintiff has alleged sufficient facts to state a claim under the "class of one" equal protection analysis.

As to the "clearly established" prong of the qualified immunity analysis, "[t]he purpose of requiring the law to be clearly established in qualified immunity determinations is so state officials have fair notice that their conduct is unconstitutional." *Mimic, Inc. v. Village of Angel Fire*, 394 F.3d 836, 850 (10th Cir. 2005) (citations omitted).  Because the Supreme Court definitively established the availability of an equal protection claim brought by a "class of one" in 2000 in *Olech*, and the Tenth Circuit subsequently explicitly spelled out the elements of a "class of one" equal protection claim in 2001, this court finds that the defendants have had fair notice that the conduct alleged in Plaintiff's equal protection claim is unconstitutional.

Therefore, Defendant Kolath is not entitled to qualified immunity on Plaintiff's equal protection claim.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss" (Doc. No. 17) be GRANTED in part and DENIED in part as follows:

1.      Plaintiff's official-capacity claims for monetary relief against all defendants should be dismissed without prejudice for lack of subject matter jurisdiction as barred by the Eleventh Amendment;

2.      Plaintiff's due process claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted, and Defendant Kleinholtz should be dismissed as a defendant;

3.      Plaintiff's claims for compensatory relief for mental and emotional distress should be dismissed as barred by the PLRA;

4.      Defendants should be granted qualified immunity on Plaintiff's due process claim; and

5.      Plaintiff's equal protection claim against Defendant Kolath should be set for further proceedings.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

13

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

14

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 17th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge