IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02214-CMA-KMT

VANESSA CUEVAS,

    Plaintiff,
v.

BRYON KOLATH, Capt., D.W.C.F., and
JEFF KLEINHOLTZ, Maj., D.W.C.F.,

    Defendants.

**ORDER AFFIRMING AND ADOPTING IN PART AND OVERRULING IN PART MAY 17, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendants Bryon Kolath and Jeff Kleinholtz's Motion to Dismiss (Doc. # 27), filed on December 22, 2010. The Motion was referred to Magistrate Judge Kathleen M. Tafoya for a Recommendation by Order of Reference dated December 23, 2010. Magistrate Judge Tafoya issued a Recommendation on May 17, 2011, that the above-referenced motion be granted in part and denied in part. (Doc. # 27 at 13.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons discussed below, the Recommendation is affirmed and adopted in part and overruled in part.

**I. STANDARD OF REVIEW**

The Recommendation advised the parties that specific written objections were due within 14 days after being served with a copy of the Recommendation. (*Id.*)

Despite this advisement, no objections to the Magistrate Judge's Recommendation were filed by either party.

> "In the absence of timely objection, the district court may review a magistrate. . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn,* 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings")).

Applying this standard, the Court is satisfied that the Recommendation of Magistrate Judge Tafoya is sound and that there is no clear error on the face of the record with respect to the recommended dismissal of Plaintiff's claim for monetary relief against Defendants in their official capacity, due process claim, and claim for compensatory relief for mental and emotional distress. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court agrees that the above-referenced Motion to Dismiss should be granted with respect to these claims. However, for the reasons discussed below, the Court finds that Plaintiff's equal protection claim should also be dismissed and, therefore, the Motion to Dismiss should be granted in its entirety.

## II.  **PLAINTIFF'S EQUAL PROTECTION CLAIM**[1]

In support of the second claim of relief for an equal protection violation, Plaintiff alleges that Defendant Kolath treated her differently from other "similarly situated" prisoners when he chose to hold a scheduled restricted privileges hearing on

---

[1] A comprehensive recitation of the facts is set forth in the Magistrate Judge's Recommendation. Accordingly, the Court will discuss the facts as needed to address Plaintiff's equal protection claim.

Wednesday, May 26, 2010, at 2 p.m., despite the fact that Plaintiff, who was scheduled to appear, was not in attendance because at 1:50 p.m., "operations and offender movement ceased" at Plaintiff's correctional facility due to a tornado watch. Plaintiff contends Defendant Kolath made this decision with malice because he "had complete knowledge that Plaintiff was currently housed in a restricted housing unit where staff is needed to escort offenders to any and or all scheduled appointments." (Doc. # 3 at 8.) Plaintiff further asserts that Defendant Kolath "tabled and rescheduled" the hearing for the other prisoners who were absent due to the lock down, but failed to do so for her and, instead, held a hearing and restricted Plaintiff's privileges for ninety days. In support of Plaintiff's claim of the alleged disparate treatment, Plaintiff presents a statement from a fellow inmate who, unlike Plaintiff, had her hearing rescheduled. (*Id.* at 19.) Plaintiff alleges that the decision to hold the hearing in her absence and consequent placement of Plaintiff on restricted privileges, despite the fact that the hearing was rescheduled for other absent inmates, amounts to an equal protection violation.

In their Motion to Dismiss, Defendants seek dismissal of Plaintiff's Equal Protection claim on grounds that: (1) Plaintiff does not have a protected interest in her placement on restrictive privilege status; (2) Plaintiff has failed to allege that she was treated differently from others similarly situated because no two inmates are alike, as a result of their differing histories and different likelihoods of engaging in future

misconduct; and (3) in the prison context, there is no constitutional requirement that every inmate be treated in an identical manner. (Doc. # 17 at 7-8.)

In the May 17, 2011 Recommendation, the Magistrate Judge recommended denial of Defendants' motion to dismiss Plaintiff's equal protection claim on grounds that Plaintiff has alleged facts that: (1) Defendant Kolath acted with discriminatory intent as manifested by spiteful actions and (2) without a rational basis, Defendant treated Plaintiff differently from others who were similarly situated. (Doc. # 27 at 10.) In support, the Magistrate Judge points to Plaintiff's allegations that Defendant Kolath "knew" that Plaintiff was housed in a unit where offenders must be escorted to all scheduled appointments, and Defendant Kolath "intentionally, knowingly, intelligently, voluntarily, and maliciously" held Plaintiff's hearing in her absence. (*Id.*)

Having reviewed Plaintiff's Equal Protection claim, the parties briefs, and the Magistrate Judge's Recommendation, the Court finds that Plaintiff has failed to state an actionable claim for an equal protection violation. As the Magistrate Judge duly noted, the Supreme Court has recognized a "class of one" equal protection claim "where the plaintiff alleges she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). However, while the Magistrate Judge focused on Plaintiff's allegations concerning Defendant Kolath's intent, the Magistrate Judge overlooked Plaintiff's failure to identify "similarly situated" inmates who received more favorable treatment.

In the instant case, the inmate statement attached to Plaintiff's Complaint is from an inmate who Plaintiff readily admits lived in the general population and did not require an escort to the hearing because she did not live in a restricted housing unit. (Doc. # 3 at 9; *see also id.* at 19.) Additionally, unlike the inmate who provided the statement, Plaintiff was not in the housing unit at the time of the lock down; rather, Plaintiff was in the medical unit for a previously scheduled non-emergency medical appointment. Moreover, while Plaintiff duly notes that she had a "right" to be present at her hearing, Plaintiff's allegations reveal that she chose to waive that right by choosing attendance at her medical appointment over her hearing and without providing any notice to Defendant Kolath, the hearing officer. In light of these deficiencies in Plaintiff's allegations, the Court finds that dismissal of Plaintiff's equal protection claim is warranted. Further, due to Plaintiff's failure to allege a constitutional violation, Defendant Kolath is entitled to qualified immunity. *See Herrera v. City of Alburquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (qualified immunity applies unless the plaintiff has alleged facts that make out a constitutional violation and the constitutional right at issue was clearly established at the time of the alleged misconduct).

### III. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1)  The Recommendation of United States Magistrate Judge Kathleen M. Tafoya (Doc. # 27), filed May 17, 2011, is AFFIRMED and ADOPTED IN PART to the extent that it recommends:

  (a) dismissal <u>without</u> prejudice of Plaintiff's claim for monetary relief against Defendants in their official capacity;

  (b) dismissal <u>with</u> prejudice of Plaintiff's due process claim; and

  (c) dismissal <u>with</u> prejudice of Plaintiff's claims for compensatory relief for mental and emotional distress;

(2) The Magistrate Judge's Recommendation (Doc. # 27) is OVERRULED IN PART to the extent it recommends preservation of Plaintiff's equal protection claim against Defendant Kolath;

(3) Defendants' Motion to Dismiss (Doc. # 17) is GRANTED in its entirety;

(4) Plaintiff's Equal Protection Claim is dismissed <u>without</u> prejudice; and

(5) This case is DISMISSED.

DATED: July   <u>25</u>  , 2011

            BY THE COURT:

            *Christine M. Arguello*

            _____
            CHRISTINE M. ARGUELLO
            United States District Judge